UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DOUGLAS G. BURDETTE, | Case No. CV 16-05240-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

**I.**

**INTRODUCTION**

Plaintiff Douglas G. Burdette ("Plaintiff") filed a complaint on July 15, 2016 seeking review of the Commissioner's denial of his application for Supplemental Security Income ("SSI") benefits. Dkt. No. 1. Pursuant to consents of the parties, the case has been assigned to the undersigned Magistrate Judge for all purposes. Dkt. Nos. 23, 25, 26. Consistent with the Order Re: Procedures in Social Security Appeal (Dkt. No. 9), on October 3, 2017, the parties filed a Joint

---

[1] Nancy A. Berryhill, now the Acting Commissioner of Social Security ("Defendant" or "Commissioner"), is substituted in as defendant. See 42 U.S.C. § 405(g).

1

Stipulation addressing their respective positions. Dkt. No. 32 ("Jt. Stip."). The matter is now ready for decision.

## II.

## LEGAL STANDARD

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (citations and internal punctuation omitted). The standard of review of a decision by an Administrative Law Judge ("ALJ") is "highly deferential." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation omitted). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing and remanding the Commissioner's decision. 42 U.S.C. § 405(g).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012); see also Burch v.

Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (court will uphold Commissioner's decision when evidence is susceptible to more than one rational interpretation). However, the Court may only review the reasons provided by the ALJ in the disability determination, and may not affirm the ALJ on a ground upon which the ALJ did not rely. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted); see also Orn, 495 F.3d at 630 (citation omitted).

Lastly, even if an ALJ erred, a reviewing court will still uphold the decision if the error was inconsequential to the ultimate non-disability determination, or where, despite the error, the ALJ's path "may reasonably be discerned," even if the ALJ explained the decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations, internal punctuation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110 (citing, inter alia, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant currently performs "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine if the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine if the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations. See Rounds, 807 F.3d at 1001. If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC"), that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After

3

determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she performed it when she worked in the past, or as that same job is generally performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016) (citing, inter alia, SSR 82-61); see also 20 C.F.R. §§ 404.1560(b), 416.960(b).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Tackett, 180 F.3d at 1099 (citing 20 C.F.R. § 404.1560(b)(3)); see also 20 C.F.R. § 416.960(b)(3).

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step; the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at step five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

### III.
### BACKGROUND AND ADMINISTRATIVE PROCEEDINGS

Plaintiff was born on November 17, 1961. Administrative Record ("AR") 39. On December 12, 2012, Plaintiff filed an application for SSI benefits claiming

disability beginning November 1, 2008. AR 245-50. After his application was denied (AR 72-76), Plaintiff requested an administrative hearing. AR 77. Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ on October 6, 2014. AR 45-58.

On November 18, 2014, the ALJ denied Plaintiff's claim. AR 30-40. At step one of the sequential evaluation, the ALJ found no substantial gainful activity since December 12, 2012. AR 35. At step two, the ALJ determined that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine; hepatitis C; and blindness in the right eye." Id. At step three, the ALJ found that none of the impairments or combination of impairments met or equaled a listed impairment. AR 36. Next, the ALJ found that Plaintiff had the RFC to perform "at the much reduced level of light work," further limited as follows: "[N]o work involving more than occasional climbing, balancing, stooping, kneeling, crouching or crawling; no work involving more than occasional overhead work bilaterally; and any work requiring binocular vision." Id.

At step four, the ALJ found that Plaintiff had no past relevant work. AR 39. At step five, the ALJ determined Plaintiff was capable of performing the following jobs that exist in significant numbers in the national economy: mail clerk (Dictionary of Occupational Titles ("DOT") 209.687-026); office helper (DOT 239.567-010); and information clerk (DOT 237.367-018). AR 39-40. The ALJ "determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." AR 40. The ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. Id.

On March 12, 2015, Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. AR 8. On May 19, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff then commenced this action.

## IV.
## DISCUSSION

The parties present one disputed issue: "Whether the ALJ properly determined that [Plaintiff] could perform the alternative work." Jt. Stip. at 4. Plaintiff argues that the ALJ's determination that Plaintiff could perform work is not supported by substantial evidence. Id. at 5. Specifically, he argues that the testimony offered by the Vocational Expert ("VE"), upon which the ALJ relied at step five of the disability determination, was in conflict with the occupational requirements in the DOT. Id. at 6-13. Plaintiff claims that the ALJ's RFC precludes the performance of the work identified by the VE. Id. at 5. The Commissioner responds that the ALJ fully considered Plaintiff's impairments in assessing his ability to perform work and that the ALJ's reliance on the VE's testimony was sound. Id. at 13-18.

### 1. Applicable Law

If a claimant establishes that he is unable to perform his past work at step four, the burden shifts to the Commissioner at step five "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. § 404.1560(g). At step five, the ALJ may rely on the DOT and testimony from a VE to assess a claimant's ability to perform certain jobs in light of his RFC. 20 C.F.R. §§ 404.1566(e); 404.1569; 404.1566(d); Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). As part of this process, occupational information provided by a VE should generally be consistent with the DOT. SSR 00-04, 2000 WL 1898704, at *2, (Dec. 4, 2000).

However, when there is an apparent conflict between the VE's testimony and the DOT, the ALJ must elicit a reasonable explanation for the conflict from the VE before relying on the VE to support a determination or decision about

whether the claimant is disabled. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). In order for a VE's testimony to be fairly characterized as in conflict with the DOT, the conflict must be "obvious or apparent." Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) (quoting Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016)); Zavalin v. Colvin, 778 F.3d 842, 845-46 (9th Cir. 2007) (noting that "when there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear to be more than the claimant can handle – the ALJ is required to reconcile the inconsistency); see also SSR 00–4p, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between VE or [vocational specialist 'VS'] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." (emphasis added)); id. at *4 ("When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT." (emphasis added)); Prochaska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006) (holding that the claimant "was not required to raise th[e conflict] at the hearing, because [SSR 00–4p] places the burden of making the necessary inquiry on the ALJ").

The Ninth Circuit has recently decided two cases involving claims that an ALJ failed to reconcile an "obvious and apparent" conflict between VE testimony and DOT descriptions. In Gutierrez, the Ninth Circuit held that the ALJ, who found that the plaintiff had an RFC that limited her from lifting more than five pounds above her shoulder, "did not err by not asking the [VE] more specific

questions regarding a claimant's ability to reach overhead as part of a cashier's job." Gutierrez, 844 F.3d at 806-07. The claimant had argued that, because the DOT provided that "cashiers must engage in frequent 'reaching,' the ALJ erred at step five by not asking the expert more specific questions." Id. at 807. The Court found no "obvious or apparent" conflict between the DOT's description of a cashier's responsibilities and the RFC's left-arm overhead-lifting limitation, noting "not every job requires the ability to reach overhead," and found, based upon the experience of "anyone who's made a trip to the corner grocery story," that bi-lateral overhead reaching is not a likely or foreseeable part of cashiering duties. Id. at 808. The Court expressly noted that because the claimant's limitation only affected one arm, she could still reach overhead with her unaffected arm to the extent such reaching were necessary. Id. at 808 n.2.

By contrast, in Lamear, decided approximately eight months after Gutierrez, the Ninth Circuit, held that an ALJ erred in not further questioning a VE about what the Ninth Circuit concluded was a conflict between the claimant's limitations and the DOT descriptions of occupations that the VE opined could be performed by the plaintiff. Lamear, 865 F.3d at 1205-06. In Lamear, the ALJ found that the claimant could only occasionally "handle, finger and feel with left hand." Id. at 1205. The ALJ accepted, without further questioning, a VE's opinion that the claimant could perform work as an office helper, mail clerk, or parking lot – tasks which under the DOT descriptions required workers to "'frequently' engage in handling, fingering, and reaching." Id. The DOT was silent as to whether such actions required both hands. Id. The Ninth Circuit concluded that the descriptions of the duties in the DOT for the occupations at issue "strongly suggest[ed] that it is likely and foreseeable" that requirements of the occupations conflicted with the claimants RFC, requiring evidence to justify or explain the apparent inconsistency. Id. at 1206-

8

06. The Ninth Circuit further rejected the Commissioner's argument that the claimant's counsel failure to raise the issue at the hearing precluded the claimant from challenging the ALJ's failure on appeal to the district court. Id. at 1206. In addition, the Ninth Circuit noted that although common experience may be relevant in assessing whether a conflict is obvious or apparent for well-known occupations, "the more obscure the job, the less likely common experienced will dictate the result." Id. at 1205.

The Court in Lamear reiterated that the "'requirement for an ALJ to ask follow up questions is fact-dependent.'" Lamear, 865 F.3d at 1205 (quoting Gutierrez, 844 F.3d at 808). However, the court further instructed that an ALJ "should ordinarily ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC." Id. After finding that the ALJ erred in failing to ask the VE to explain or justify the apparent inconsistency, the Court further found that if the record, the applicable DOT, or "common experience" do not reconcile the conflict, the error is not harmless. Id. at 1206.

## 2. Analysis

Plaintiff argues that the DOT descriptions of all of the jobs identified by the VE conflict with the limitations contained in the ALJ's RFC regarding only occasional overhead bilateral work. Jt. Stip. at 7. Plaintiff contends that the ALJ did not properly address this conflict during the hearing, and therefore the ALJ erred in finding that the Plaintiff could perform work as an office helper, mail clerk and information clerk.

As a preliminary matter, the Court notes that the ALJ did not directly inquire of the VE whether his opinion conflicted with the occupational requirements in the DOT. AR 52-53. Although the VE did expressly reference the particular DOT numbers in his answer to the ALJ's hypothetical question, the VE's answer came well after the hypothetical was posed. After the ALJ asked his

9

question, the VE asked clarifying questions of a medical expert regarding the Plaintiff's eyesight, and the ALJ asked further questions of Plaintiff regarding his eyesight, all taking place between the time the hypothetical question was asked and the VE answered. See AR 59-52. Further, the hypothetical posed by the ALJ did not separately recite Plaintiff's limitations, but rather purported to incorporate the prior testimony of the medical expert. See AR 50-51 ("If you were to assume a hypothetical individual of the same age, education, and background as the claimant, with all those limitations, would there be any jobs available?").

### a. Office Helper and Mail Clerk

Turning to the particular DOT descriptions for office helper[2] and mail clerk,[3] each specify: "[r]eaching may be frequent." The descriptions do not specify the direction of the reaching and do not expressly require "overhead" reaching. As the Ninth Circuit has held, although reaching connotes the ability to extend one's hands and arms "in any direction" (SSR 85-15, 1985 WL 56857, at * 7 (1985), "not every job that involves reaching involves reaching overhead." Gutierrez, 844 F.3d at 808. With respect to the occupations of office helper and mail clerk, the

---

[2] "Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine." DOT 239.567-010. Reaching may be frequent; required from one-third to two-thirds of the time. See id.

[3] "Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine. Stamps date and time of receipt on incoming mail. Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments. Readdresses undeliverable mail bearing incomplete or incorrect address. Examines outgoing mail for appearance and seals envelopes by hand or machine. Stamps outgoing mail by hand or with postage meter." DOT 209.687-026**.** Reaching may be frequent; required from one-third to two-thirds of the time. See id.

Court finds that the ALJ was faced with an obvious or apparent conflict requiring clarification by the ALJ. Though the DOT descriptions for office clerk and mail clerk state "[r]eaching may be frequent," that language is not determinative. Id. However, in addition to the reference to frequent reaching in the descriptions of office helper and mail clerk are descriptions of tasks in which "overhead work" appears reasonably likely and foreseeable to occur – specifically sorting, distributing, filing, and marking items. The nature of these tasks appear to contemplate some overhead work. Further, the Ninth Circuit found, as "anyone who's made a trip to the corner grocery store knows, . . . a clerk stocking shelves has to reach overhead frequently." Gutierrez, 844 F.3d at 808. The description, and common experience, of sorting, distributing, marking and filing items is similar to the duties of stocking clerks – duties which the Ninth Circuit found to require frequent overhead reaching. As a result, the ALJ was faced with an apparent conflict between the VE's testimony and the DOT description for office helper and mail clerk.

Having found that a conflict was obvious and apparent, the Court further finds that the ALJ erred in not inquiring of the VE to clarify the conflict with respect to the occupations of office helper and mail clerk. The Court finds that Plaintiff did not waive the issue by failing to raise it. See Shaibi v. Berryhill, 870 F.3d 874, 882 (9th Cir. 2017) ("an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT, regardless of whether a claimant raises the conflict before the agency"); Lamear, 865 F.3d at 1206.

### b. Information Clerk

Although the Court finds the ALJ erred in failing to resolve the apparent conflict involving the occupations of mail clerk and office helper, the Court finds the ALJ did not err with respect to the occupation of information clerk. Specifically, the Court does not find that an obvious or apparent conflict existed

between the VE's testimony and the DOT description of the occupation of information clerk (DOT 237.367-018).[4] Although the DOT description for information clerk references "frequent reaching," "not every job that involves reaching involves reaching overhead." Gutierrez, 844 F.3d at 808. Unlike the descriptions for mail clerk or office helper, there is nothing in the specific job duties listed in the DOT for information clerk that could be fairly interpreted to create a reasonable likelihood of overhead reaching. There is no reference to sorting, filing, distributing, or marking items nor any actions that would appear to involve any overhead work. Further, to the extent that "common experience" is of assistance, interactions with "information clerks" are more aligned with cashiering – an occupation that the Ninth Circuit held, based upon common experience, does not involve overhead reaching. In fact, based upon the DOT's description, information clerks appear even less likely to be required to reach overhead than cashiers. Therefore, the Court finds that there was no obvious and apparent conflict between the DOT's description of the duties of an information clerk and the ALJ's assessment of Plaintiff's RFC. Because there was no obvious or apparent conflict, the ALJ did not err in accepting the VE's opinion with respect to information clerk without further inquiry.

### c. Harmless Error

The Commissioner must establish that the claimant can perform the work associated with a significant number of jobs in either the regional or national

---

[4] "Provides travel information for bus or train patrons: Answers inquiries regarding departures, arrivals, stops, and destinations of scheduled buses or trains. Describes routes, services, and accommodations available. Furnishes patrons with timetables and travel literature. Computes and quotes rates for interline trips, group tours, and special discounts for children and military personnel, using rate tables." DOT 237.367-018. Reaching may be frequent; required from one-third to two-thirds of the time. See id.

12

economy. Beltran v. Astrue, 700 F.3d 386, 388–89 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(2)(A)); Gutierrez v. Comm'r Soc. Sec. Admin., 740 F.3d 519, 523 (9th Cir. 2014). The Ninth Circuit has not "clearly established the minimum number of jobs necessary to constitute a 'significant number.'" Barker v. Sec'y Health & Human Servs., 882 F.2d 1474, 1478 (9th Cir. 1989); Beltran, 700 F.3d at 389. However, the Ninth Circuit has determined more than 1,000 jobs satisfies the requirement that there be a "significant number" of positions in the regional economy. See, e.g., Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (finding the ALJ "properly concluded that there was a significant number of ... jobs in the local area," where the ALJ found "there were between 1,000 and 1,500" regional positions); Barker, 882 F.2d at 1479 (finding 1,266 regional positions sufficient); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir .2002) (finding 1,300 regional positions satisfied the "significant number" requirement); see also Yelovich v. Colvin, 532 F. App'x 700, 702 (9th Cir. 2013) (unpublished) (900 jobs in the regional economy is sufficient to be considered a "significant number"). As to jobs available in the national economy, the Ninth Circuit has held that as few as 25,000 jobs are sufficient. Gutierrez, 740 F.3d at 529–30.

Here, the VE opined that for the occupation of information clerk, there were "approximately 3,000 jobs existing in the regional economy, and 500,000 nationally" and the ALJ accepted the VE's conclusions. AR 40, 52. Plaintiff does not challenge the ALJ's finding in this regard. As a result, excluding the numbers for mail clerk and office helper, the Court finds that substantial evidence supports the ALJ's conclusion that, based upon Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national and regional economy, specifically, the occupation of "information clerk," DOT 237.36-018. Therefore, the ALJ's errors in failing to ask further questions of the VE with respect to the apparent

13

conflict relating to the occupations of mail clerk and office helper were inconsequential to the ultimate nondisability determination and were thus harmless. See Brown-Hunter, 806 F.3d at 492; see also Buckins v. Berryhill, -- F. App'x --, 2017 WL 6349293 at *1 (9th Cir. Dec. 13, 2017) (finding ALJ erred in failing to asking a VE to resolve conflicts between the VE's opinion and the DOT, but the error was harmless because there was no conflict as to other occupations identified by the VE which existed in significant numbers in the national economy).

## V.
## ORDER

Therefore, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: December 14, 2017

JOHN D. EARLY
United States Magistrate Judge